*310 CALABRIA, Judge.
The State of North Carolina by and through the Albemarle Child Support Enforcement Agency ex rel. Zita Y. Cross ("plaintiff") appeals an order of the Gates County District Court modifying a previous child support order upon finding a substantial and material change in circumstances. We reverse.
On 25 May 1995, Maurice L. Saunders ("defendant") signed a voluntary support agreement certifying paternity and responsibility for D.A.S., a minor child in Cross' custody. The agreement was subsequently approved by and became an order of the court. Defendant was ordered to repay, in monthly installments of $20.00, the sum of $924.00 owed as reimbursement for past public assistance for his dependent child; however, no ongoing child support was imposed. Defendant fulfilled this obligation in June 1997, and defendant's file was closed the following month with a notation that all arrearages were paid in full.
On 24 September 2002, plaintiff moved to modify the existing child support order to seek ongoing child support. The matter was heard on 11 December 2002. The trial court ordered, inter alia, monthly child support in the amount of $391.00 as determined by completion of the worksheet contained in the North Carolina Child Support Guidelines (the "Guidelines") after concluding there was a substantial and material change in circumstances ("changed circumstances") in that the needs of the minor child had increased since entry of the prior child support order. The order was signed on 3 April 2003.
On 10 April 2003, defendant moved to modify the existing child support order, seeking a reduction in his child support obligation. Defendant cited changed circumstances because of the birth of a new child on 9 April 2003. The trial court granted defendant's motion on that basis. Plaintiff appeals.
On appeal, plaintiff asserts the trial court "erred when it concluded, based on the single fact that [defendant] had a newborn child in his home, that a significant and material change of circumstances had occurred." We agree. North Carolina General Statutes § 50-13.7 (2003) provides that a child support order "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances[.]" The Guidelines expressly provide as follows:
A parent's financial responsibility (as determined below) for his or her natural or adopted children who currently reside with the parent (other than children for whom child support is being determined in the pending action) is deducted from the parent's gross income. Use of this deduction is appropriate when a child support order is entered or modified, but may not be the sole basis for modifying an existing order.
2004 Ann. R. N.C. 50 (emphasis added). In the instant case, the trial court found as fact, relevant to the conclusions of law, that defendant filed a motion to modify the existing child support order on the grounds that he had a newborn child. The trial court concluded, in relevant part, as follows:
3. There was a substantial and material change in circumstances since entry of the *311 April 3, 2003 Order in that the defendant now has a newborn child in his home for whom he has financial responsibility.
4. As a result of the change in circumstances, defendant is entitled to modify the April 3, 2003 Order.
The trial court's findings and conclusions contravened the Guidelines by equating defendant's financial responsibility to his newborn child, standing alone, with changed circumstances. Accord Lee's North Carolina Family Law § 10.55(a) (5th rev. ed.2002). Accordingly, we reverse the trial court's modification of the existing child support order. We need not reach plaintiff's remaining assignments of error.
Reversed.
Chief Judge MARTIN and Judge GEER concur.